UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-21584-CIV-COOKE/GOODMAN

RICARDO BLANCO,

       Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____/

REPORT AND RECOMMENDATIONS
ON PLANTIFF'S PETITION FOR ATTORNEY'S FEES

Plaintiff Ricardo Blanco filed a Petition for Attorney's Fees, which was referred to

the Undersigned by United States District Court Judge Marcia G. Cooke. [ECF Nos. 27;

28]. Plaintiff seeks $7,648.59 in attorney's fees for 37.9 hours, pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 27]. The Government filed a

response in opposition as to the number of hours only [ECF No. 29]; and Plaintiff filed a

reply [ECF No. 30].

Upon review of the petition and the record, the Undersigned finds that the

requested fees are reasonable. Accordingly, the Undersigned **respectfully recommends**

that the District Court **grant** Plaintiff's petition and award Plaintiff **$7,648.59** in attorney's

fees (made payable directly to Plaintiff's counsel), contingent upon a determination by

the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government,

for which sum let execution issue.

## I.    BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner,

who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. The

District Court granted summary judgment for the Plaintiff, reversed the Commissioner's

determination, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).

[ECF No. 26]. Plaintiff then filed the instant petition for attorney's fees under the EAJA.

[ECF No. 27].

## II.   DISCUSSION

### A.  Entitlement to Attorney's Fees

A prevailing party is not ordinarily entitled to recover attorney's fees from his or

her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other

than the United States fees and other expenses, in addition to any costs [.]" 42 U.S.C. §

2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of

attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla.

Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff

attorney's fees and expenses unless the Commissioner can show that her position "was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand

is a prevailing party for purposes of a fee award. *Shalala v. Schaefer*, 509 U.S. 292, 301, 113

S. Ct. 2625, 2631 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g)

"terminates the litigation with a victory for the plaintiff."); *Boronat v. Sullivan*, 788 F. Supp.

557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment

for filing a fee application under EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing

party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's

entitlement to attorney's fees under the EAJA. [ECF No. 29, pp. 1-2]. Thus, Plaintiff is

entitled to receive attorney's fees under the EAJA.

## B.  Amount of Attorney's Fees

"The most useful starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

1.  *Reasonable Hourly Rate*

The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market

rate in the relevant legal community for similar services by attorneys with reasonably

comparable skills, experience, and reputation. *Norman v. Hous. Auth. Of the City of*

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1302 (internal citation omitted).

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation").

Here, Plaintiff's attorneys, Deirdre J. DiBiaggio and Kathleen O. Palacios-Moreno, seek an hourly rate of $201.60 per hour for 2018 and $204.25 per hour for 2019. Plaintiff's counsel points out that the hourly statutory cap of $125.00 should be increased due to the increase in the cost of living which has occurred since the EAJA was reenacted on March 29, 1996. The cost-of-living increase for 2018 and 2019 are $201.60 and $204.25, respectively.[1] Thus, the Undersigned finds the hourly rate reasonable.

---

[1]     The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2018 and 2019 and dividing that number by the March 1996 rate. *See*

2.  *Reasonable Hours Expended*

Plaintiff asserts that his attorneys expended 37.9 hours litigating his case on his

behalf. Plaintiff's counsel provides declarations, including their timesheets documenting

their time spent litigating this case. Defendant argues that the time incurred of 37.9 hours

is excessive as compared with most social security cases. Plaintiff acknowledges that this

amount is higher than the number of hours typically incurred for a social security case,

but that this case required additional time.

As pointed out by the Plaintiff, the transcript was 794 pages and the ALJ's decision,

which was 20 pages, was longer than most other ALJ decisions. [ECF No. 30, p. 3].

According to Plaintiff's counsel, "[m]ost of the time was spent summarizing this lengthy

record and preparing Plaintiff's Motion for summary judgment." [ECF No. 27, p. 12].

Counsel's timesheets reflect that Plaintiff's counsel spent four full consecutive days on

the memorandum. This appears to be reasonable considering the length of the transcript,

the number of issues involved in the memorandum, and the length of the memorandum

-- 55 pages, which is almost twice as long as the typical memorandum.[2] [ECF No. 27, p.

_____

*Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living
percentage increase was then applied to the $125 statutory rate to calculate the adjusted
hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All
Urban Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last
visited October 19, 2020).

[2]      Plaintiff received leave of court to exceed the page limit initially ordered by the
Court. [ECF Nos. 19; 20].

8]. Accordingly, the Undersigned finds the time expended by Plaintiff's attorneys to be reasonable.

## III.   CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$7,648.59** in attorney's fees (made payable directly to Plaintiff's counsel), contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## IV.   OBJECTIONS

The parties will have 14 days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir.

R. 3-1 (2016).

   **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October

20, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record